Child and others *v.* Starr and others, 4 Hill, 369, 383.
In S. Ct. 20 Wend. 149.

### Boundaries ; Riparian Owner of Lands.

Ejectment. The Supreme Court held, in this case, where in the conveyance of premises situated on the bank of a river *not navigable*, the lines are stated *to run from one of the corners of the lot to the river and thence along the shore of said river to a* certain street the grantee takes *ad filum aquæ.* Justice Bronson, *dissentiente.*

The Court of Errors held, that no part of the bed of the river passed under the conveyance, but that the grantee took only to low water mark.

Walworth, Chancellor, delivered an opinion for *reversal*

"The decision of a majority of this court in the case of *The Canal Appraisers* v. *The People*, ex. rel. *Tibbits*, (17 Wend. 590,) although put upon other grounds by some of the members who voted for a reversal of the judgment of the Supreme Court, cast a shade of doubt upon the question, whether the common law rule prevailed here as to the construction of conveyances of lands bounded by or upon a river or stream above tide waters. That doubt, however, is probably removed by the recent decision of this court in the case of *The Commissioners of the Canal Fund* v. *Kempshall*, (26 Wend. 404,) in which the judgment of the Supreme Court in favor of the riparian owner was unanimously affirmed. The common law rule as I undersand it, is that the riparian proprietor is *prima facie* the owner of the *alveus* or bed of the river adjoining his land, to the middle or thread of the stream; that is, where by the terms of his grant, he does not appear to be limited. It appears to me equally clear, that the grant is restricted, where it is bounded by the *shore* of the river, as in the present case.

Judgment *reversed;* for *reversal* 11, for *affirmance* 10.